KYLE J. KAISER (13924)
Assistant Utah Attorney General
SEAN D. REYES (7969)
Utah Attorney General
160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, Utah 84114-0856
Telephone: (801) 366-0100
Facsimile: (801) 366-0101
E-mail: kkaiser@agutah.gov

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TERRY PRISBREY,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>KEITH C. BARNES, GARY R. HERBERT, and MATTHEW B. DURRANT,<br><br>　　　　　　　Defendants. | **MOTION TO DISMISS AND MEMORANDUM IN SUPPORT**<br><br>Case No. 2:17-cv-00723<br><br>Judge David Nuffer |

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... iii

MOTION .................................................................................................................................... v

MEMORANDUM ...................................................................................................................... v

   INTRODUCTION ................................................................................................................. v

   FACTUAL BACKGROUND ............................................................................................... vi

   LEGAL STANDARD .......................................................................................................... viii

      1.    Judge Barnes is immune from suit for monetary damages because he is entitled to absolute judicial immunity. ................................................................................................. 1

      2.    Prisbrey's claims for equitable relief are barred by the plain language of § 1983. ....... 4

      3.    Governor Herbert and Chief Justice Durrant are not liable under the doctrine of *respondent superior* for the actions of their subordinates under § 1983. .............................. 4

      4.    Plaintiff fails to allege facts against Governor Herbert or Chief Justice Durrant sufficient to state a plausible claim for relief. ......................................................................... 5

      5.    Governor Herbert cannot be liable for the actions of Judges because the separation of powers prohibits Executive interference with the judicial system. ......................................... 6

CONCLUSION .......................................................................................................................... 7

# TABLE OF AUTHORITIES

Cases

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ........................................................................... v, vi, 5
*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ......................................................... v, vi
*Bradley v. Fisher*, 80 U.S. 335 (1871) .................................................................................... 1
*Butz v. Economou*, 438 U.S. 478 (1978) ................................................................................ 2
*Cleavinger v. Saxner*, 474 U.S. 193 (1985) ........................................................................... 2
*Crudup v. Schulte*, No. 00-6396, 12 F. App'x 682 (10th Cir. April 10, 2001) ....................... 3
*Dennis v. Sparks*, 449 U.S. 24 (1980) .................................................................................... 2
*Ellis v. Stoney*, No. 2:12–CV–335 TS, 2013 WL 671860 (D. Utah Feb. 22, 2013) ............... 2
*Forrester v. White*, 484 U.S. 219 (1988) ........................................................................ 1, 2, 3
*Ginter v. Johnson*, No. 2:13–cv-225-DN-ENF, 2014 WL 1271755
    (D. Utah March 27, 2014) .................................................................................................. vi
*Gregory v. United States*, 942 F.3d 1498 (10th Cir. 1991) .................................................... 4
*Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991) ................................................................. vi
*Harlow v. Fitzgerald*, 457 U.S. 800 (1982) ........................................................................... 3
*Hoai v. Sup. Ct. of D.C.*, 539 F. Supp. 2d 432 (D.D.C. 2008) ............................................... 4
*Kral v. Benton Cnty.*, No. CV-09-5014-RHW, 2009 WL 3856918
    (E.D. Wash. Nov. 10, 2009) ................................................................................................ 3
*Mireles v. Waco*, 502 U.S. 9 (1991) ............................................................................... 1, 2, 3
*Pierson v. Ray*, 386 U.S. 547 (1967) ................................................................................. 2, 3
*Rusk v. Warner*, No. 17-4044, ___ F. App'x ___, 2017 WL 3044550
    (10th Cir. July 17, 2017) ..................................................................................................... 6
*Serna v. Colo. Dep't of Corr.*, 455 F.3d 1146 (10th Cir. 2006) ......................................... 4, 5
*Shuster v. Oppelman*, 962 F. Supp. 394 (S.D.N.Y. 1997) ..................................................... 3
*Snell v. Tunnell*, 920 F.2d 673 (10th Cir. 1990) .................................................................... 1
*St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169 (10th Cir. 1979) ........ vi
*Stack v. McCotter*, No. 02-4157, 79 F. App'x 383 (10th Cir. Oct. 24, 2003) ...................... vi
*Stein v. Disciplinary Bd. of Supreme Court of N.M.*, 520 F.3d 1183 (10th Cir. 2008) ....... 1, 4
*Stump v. Sparkman*, 435 U.S. 349 (1978) .............................................................................. 2
*Supreme Court of Va. v. Consumers Union of United States, Inc.*, 446 U.S. 719 (1980) ...... 2
*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007) ...................................... vi
*U.S. v. Will*, 449 U.S. 200 (1980) .......................................................................................... 7

Statutes

42 U.S.C. § 1983 .............................................................................................................. passim

P.L. 104-317, Title III § 309(c), 110 Stat. 3853 ........................................................................... 4
State Constitution. Article V §1 ..................................................................................................... 6
Utah Code § 79A-11-101 ............................................................................................................... 6
Utah Const. art. VIII § 5 ..........................................................................................................iii, 2
Utah Const. art. VIII, § 13 .............................................................................................................. 6
Utah Const. art. VIII, § 8 ................................................................................................................ 6

Rules

Federal Rule of Civil Procedure 10(c) .......................................................................................... vi
Federal Rule of Civil Procedure 12(b) ........................................................................................... ii
Federal Rule of Civil Procedure 12(b)(6) ...................................................................................... v

## MOTION

The Honorable Keith C. Barnes, the Honorable Gary R. Herbert, and the Honorable Matthew B. Durrant, by and through counsel, Kyle J. Kaiser, Assistant Utah Attorney General, and pursuant to the Federal Rule of Civil Procedure 12(b), submit this Motion to Dismiss and Supporting Memorandum. Plaintiff's claims against Judge Barnes should be dismissed because he is entitled to judicial immunity, and Plaintiff's claims against Governor Herbert and Chief Justice Durrant should be dismissed because there is no affirmative link between the defendants and the alleged misconduct and the alleged harm, and because Plaintiff fails to allege any facts which state a claim against Chief Justice Durrant.

## MEMORANDUM

### INTRODUCTION

Judge Barnes, a Utah district court judge, presided over Plaintiff Kent Terry Prisbrey's divorce. Mr. Prisbrey apparently disagrees with some of Judge Barnes' decisions, including how Judge Prisbrey allocated some of the assets in the divorce, and now seeks to hold Judge Barnes personally liable for them. He has brought suit under 42 U.S.C. § 1983, alleging his constitutional rights were violated by the rulings. He seeks monetary damages and an injunction.

Plaintiff's claims fail as a matter of law because Judge Barnes is entitled to absolute judicial immunity for damages claims based on actions taken in his judicial capacity, and an injunctive relief is not available against state judicial officers under 42 U.S.C. § 1983.

Plaintiff also names Governor Herbert and Matthew Durrant, Chief Justice of the Utah Supreme Court. Mr. Prisbrey asserts no facts against these two public officials, but rather asserts a generic responsibility for supervising Judge Barnes. The claims against Governor Herbert and

Chief Justice Durrant should be dismissed because (a) the doctrine of *respondent superior* does not apply to § 1983 claims, and Mr. Prisbrey has not—and cannot—prove supervisor liability, and (b) Mr. Prisbrey has stated no facts establishing a plausible claim against them.

## FACTUAL BACKGROUND

Judge Keith Barnes is a judge of the Utah Fifth District Court. As a district judge, he has "original jurisdiction in all matters," except as limited by the constitution or statute, including jurisdiction over divorce disputes. Utah Const. art. VIII § 5. Judge Barnes presided over the divorce of Plaintiff Kent Terry Prisbrey from the former Mrs. Prisbrey in Iron County, Utah in 2013. Mr. Prisbrey was unhappy with how Judge Barnes allocated joint property and assets in the final divorce order, and felt as if Judge Barnes was more receptive to opposing counsel during the proceedings. (Compl. at pp.3,7, 9, 10, ECF No. 2-1). As a result, Mr. Prisbrey brings suit under 42 U.S.C. § 1983 for injunctive relief and money damages stemming from the alleged misconduct of Judge Barnes during the divorce proceedings.

The allegations against Judge Barnes include:

1. Judge Barnes "acted outside of his official capacity" by receiving testimony from 2 individuals off the court record. *Id.* at p.2.

2. Judge Barnes "should have notified Plaintiff of the verdict or the content of the verdict Barnes should have instructed Petitioner [Tamara Prisbrey] on the verdict in a hearing with both parties present of what the verdict was and instructions." *Id.*

3. Judge Barnes "show[ed] bias giv[ing] Petitioner [former Mrs. Prisbrey] everything she wants and denies Plaintiff every time on everything." *Id.* at p.7.

4. Judge Barnes "denied me my constitutional right to an interpreter" during a hearing. *Id.* at p.12.

5. Judge Barnes took "life liberty and pursuit of happiness … from Plaintiff by giving my abusive x wife mineral rights on both properties this gives her the ability to abuse me…" *Id.*

6. Judge Barnes "failed to limit asset division to items presented in court." *Id.* at p.13.

7. Judge Barnes "failed to assess a value to most of the items awarded to Tamara." *Id.*

8. Judge Barnes "deemed himself an expert appraiser and knew what the appraiser was thinking and made findings based on what the appraiser was thinking and the appraiser was not at trial. When the appraiser deemed, the builder was a determent to the property, the judge increased the value to the determent of the plaintiff as on every other finding." *Id.*

The allegations against Governor Herbert include:

1. "Governor Hebert is responsible for all these entities and individuals training and ensuring they are properly trained and ensuring the oversite of these officers and individuals." *Id.* at p.12.

2. Governor Herbert "failed to properly train defendants"

    a. In the division of marital assets; *id.*;

    b. In "dealing with disabilities traumatic brain injuries"; *id.* at p.13;

    c. On "[narcissistic] personality disorders"; *id.*;

    d. That "they must treat both parties equal not separate standards for each party;" *id.*; and

      e.   On a variety of other issues ranging from filing documents to findings of fact; *id.* at p. 13.

Besides being named in the caption, Chief Justice Durrant's name does not appear in in the Complaint. It is unclear if Mr. Prisbrey includes Chief Justice Durrant as part of the "fail[ures] to train" included in the "ADDITIONAL ALLEGATIONS OF WRONG DOINGS AND CLAIMS" included at the end of the complaint. *Id.* at p. 12–13. It is also unclear if Mr. Prisbrey alleges that Chief Justice Durrant is involved in the "judicial review board" organized by the "supreme court" who are "over seers of the judicial review board and for the training of them." *Id.* at p.11.

Regarding this "board," Mr. Prisbrey alleges that it has "appointed ones that don't investigate thoroughly all complaints like mine so they are liable for damages and they don't monitor to see if the judicial review board is doing its job properly." *Id.*

Plaintiff alleges no facts against Governor Herbert or Chief Justice Durrant implying that they had any contact with Plaintiff, or that they contacted Judge Barnes about his divorce in any way.

## LEGAL STANDARD

Defendants bring this motion pursuant to Federal Rule of Civil Procedure 12(b)(6), permitting a motion for failure to state a claim upon which relief can be granted. On a Rule 12(b)(6) motion, a court must accept the Plaintiff's facts alleged in the complaint to be true, but it need not accept extrinsic facts not pleaded nor accept legal conclusions in contradiction of the pleaded facts. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court also should not accept conclusory allegations in a pleading,

unsupported by a recitation of relevant facts, allegations that do not allege the factual basis for the claim, or deductions and opinions couched as facts. *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678-79.

In reviewing a motion to dismiss, the Court may rely on the facts as alleged in the complaint, but may also rely on all documents adopted by reference in the complaint, documents attached to the complaint, or facts that may be judicially noticed. *See* Fed. R. Civ. P. 10(c); *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007); *Hall v. Bellmon*, 935 F.2d 1106, 1112 (10th Cir. 1991). In the context of a motion to dismiss, this Court may take judicial notice of a state court docket and filings. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) ("[I]t has been held that federal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."); *Stack v. McCotter*, No. 02-4157, 79 F. App'x 383, 391 (10th Cir. Oct. 24, 2003) (ord. & j. not selected for publication)[1] (recognizing that the court can take judicial notice of a state district court docket sheet); *Ginter v. Johnson*, No. 2:13–cv-225-DN-ENF, 2014 WL 1271755, at * 2 (D. Utah March 27, 2014) (not selected for publication), *report & recommendation adopted by id.* at *1 (taking judicial notice of the Salt Lake City Justice Court Docket as "an official Utah court record[, which] contain facts that the Court can accurately and readily determine from a source whose accuracy no one can reasonably question").

---

[1] Copies of all cases not published in an official reporter will be provided to the *pro se* plaintiff.

**ARGUMENT**

Plaintiff's claims against Defendants should be dismissed because (1) Judge Barnes is entitled to absolute judicial immunity for actions for monetary damages that are judicial in nature; (2) Section 1983, as amended by the Federal Courts Improvement Act, bars suits against judges for injunctive relief in these situations; (3) Governor Herbert and Chief Justice Durrant are not liable under the doctrine of *respondent superior* for the constitutional violations of their subordinates; and (4) Plaintiff did not allege any facts against Chief Justice Durrant which state a claim.

1. **Judge Barnes is immune from suit for monetary damages because he is entitled to absolute judicial immunity.**

The damages claim against Judge Barnes (and against Chief Justice Durrant to the extent that Plaintiff intends to sue him for monetary damages) are barred by the doctrine of judicial immunity. Judge Barnes is entitled to judicial immunity as a matter of law because all of the facts alleged by Mr. Prisbrey arose out of purely judicial activity. *Bradley v. Fisher*, 80 U.S. 335 (1871).

It is well-settled that judges are shielded with absolute immunity from suits for money damages based on their judicial action, including suits filed pursuant to 42 U.S.C. § 1983. *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991) (per curiam); *Forrester v. White*, 484 U.S. 219, 225–26 (1988); *Stein v. Disciplinary Bd. of Supreme Court of N.M.*, 520 F.3d 1183, 1189–90 (10th Cir. 2008) (citing *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990)).

The doctrine of judicial immunity ensures "that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Bradley,* 80 U.S. at 347. The importance of judicial

1

immunity as a mechanism to preserve judges right to exercise their authority freely and without fear of retribution has been well established by Supreme Court precedent. *E.g., Mireles v. Waco,* 502 U.S. 9, 9 (1991); *see also Forrester v. White*, 484 U.S. 219 (1988); *Cleavinger v. Saxner*, 474 U.S. 193 (1985); *Dennis v. Sparks*, 449 U.S. 24 (1980); *Supreme Court of Va. v. Consumers Union of United States, Inc., 446 U.S. 719 (1980)*; *Butz v. Economou*, 438 U.S. 478 (1978); *Stump v. Sparkman,* 435 U.S. 349 (1978); *Pierson v. Ray*, 386 U.S. 547 (1967).

Judicial immunity applies to judges who are sued for actions taken in an official capacity and can only be overcome when a judge either "(1) acts outside the judge's judicial capacity, or (2) takes judicial action in absence of all jurisdiction." *Ellis v. Stoney*, No. 2:12–CV–335 TS, 2013 WL 671860, at *1 (D. Utah Feb. 22, 2013) (mem. decision & ord. not selected for publication) (citing *Pierson*, 386 U.S. at 11-12); *see also Mireles*, 502 U.S. at 9. Actions outside the judge's judicial capacity are "those not 'normally performed by a judge' or those where a party does not believe the party is dealing with a judge in the judge's judicial capacity." *Id*, at *2 (citing *Pierson*, 386 U.S. at 12).

Judge Barnes, a judge of the Fifth District Court of Utah, clearly was engaging in judicial activity when he was presiding over Mr. Prisbrey's case and issuing his opinions. He has jurisdiction to make the rulings and findings that he did. Utah Const. art. VIII § 5. Mr. Prisbrey does not allege that Judge Barnes was without jurisdiction. Therefore, the only relevant inquiry is whether the pleaded facts, when taken as true, arose out of Judge Barnes' judicial capacity.

All of the pleaded facts arose out of Judge Barnes' decision making while he was acting as a judge. Mr. Prisbrey alleged that Judge Barnes "acted outside of his official capacity" by receiving testimony from two individuals off the court record, (Compl. at p.2.), "showed Judge

2

Barnes "show[ed] bias giv[ing] Petitioner everything she wants …" (*Id.* at p.7.), made other improper decisions regarding asset valuation and division (*e.g.*, *Id.* at pp. 12–13), and refused to provide an "interpreter" during a hearing (*Id.* at 12). All of these tasks are the normal day-to-day tasks of a judge acting in a judicial capacity, protected by immunity.  *E.g.*, *Mireles*, 502 U.S. at 12–13; *see also Kral v. Benton Cnty.*, No. CV-09-5014-RHW, 2009 WL 3856918, at * 3 (E.D. Wash. Nov. 10, 2009) (ord. not selected for publication) (holding that judicial immunity bars a claim for damages for a judge's failure to appoint a sign language interpreter for appearances in criminal court).

The claims of bias and ex parte contact are baseless and untrue, but even if they were, Judge Barnes would still be immune from suit.  Judicial immunity cannot be overcome *even if* the judge acted with malice or corruption. *Mireles*, 502 U.S. at 11 (citing *Pierson*, 386 U.S. at 554); *see also Harlow v. Fitzgerald*, 457 U.S. 800, 815-19 (1982) (holding allegations of malice are not enough to overcome judicial immunity). In fact, the Tenth Circuit has held, in an opinion not selected for publication, that a judge was still shielded with judicial immunity even in the face of allegations that he made decisions based on *ex parte* contact with the other side. *Crudup v. Schulte*, No. 00-6396, 12 F. App'x 682, 686 n.3 (10th Cir. April 10, 2001) (ord. & j. not selected for publication) (recognizing that a judge's alleged *ex parte* conference with a prosecutor would not strip the judge of immunity); *accord Shuster v. Oppelman*, 962 F. Supp. 394, 397 (S.D.N.Y. 1997) (citing *Forrester v. White*, 484 U.S. 219, 227 (1967)).

Because all of Judge Barnes' actions took place while he was acting in his judicial capacity; and he properly had jurisdiction over the case, Plaintiff's claims are barred as a matter

3

of law and should be dismissed with prejudice. *Gregory v. United States,* 942 F.3d 1498, 1499 (10th Cir. 1991) (affirming dismissal with prejudice on the grounds of judicial immunity).[2]

**2. Prisbrey's claims for equitable relief are barred by the plain language of § 1983.**

Section 1983, upon which Mr. Prisbrey bases his claims, specifically prohibits the equitable relief Prisbrey seeks in his Complaint. (Compl. at pp. 8–9.) The Federal Courts Improvement Act amended § 1983 to create an exception to the right to a civil action for violations of federal constitutional or statutory law, which is applicable in this case: "[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983 (amended Oct. 19, 1996 by P.L. 104-317, Title III § 309(c), 110 Stat. 3853). No declaratory decree was violated in this case, and there is no proof that declaratory relief is "unavailable." *See Hoai v. Sup. Ct. of D.C.*, 539 F. Supp. 2d 432, 435 (D.D.C. 2008) (noting that declaratory relief is not "unavailable" merely because the plaintiff failed to get his "desired decisions in our local courts"). Mr. Prisbrey's claims for injunctive relief arise solely under § 1983 and the U.S. Constitution. (Compl. at p. 7–8.) Therefore, his claims for injunctive relief are barred.

**3. Governor Herbert and Chief Justice Durrant are not liable under the doctrine of *respondent superior* for the actions of their subordinates under § 1983.**

"Under § 1983, government officials are not vicariously liable for the misconduct of their subordinates." *Serna v. Colo. Dep't of Corr.*, 455 F.3d 1146, 1151 (10th Cir. 2006). There "is no

---

[2] To the extent that Justice Durrant is also being sued for decisions related to discipline, oversight, or training of Judge Barnes, such claims would also be barred by judicial immunity. *Stein*, 520 F.3d at 1195–96 (recognizing that the Supreme Court of New Mexico's actions in response to a discipline complaint were protected by judicial immunity).

4

concept of strict supervisor liability under § 1983." *Id.* (internal quotation marks omitted). Rather, "supervisors are only liable under § 1983 for their own culpable involvement in the violation of a person's constitutional rights." *Id.* There must be an "affirmative link between the supervisor and the [alleged] violation, namely the active participation or acquiescence of the supervisor in the [alleged] constitutional violation by the subordinates." *Id.* "In short, the supervisor must be personally involved in the constitutional violation, and a sufficient causal connection must exist between the supervisor and the constitutional violation." *Id.* (internal quotation marks omitted).

Here, because there was no underlying constitutional violation, there can be no supervisor liability. Further, there are no facts showing any personal involvement or acquiescence. Mr. Prisbrey makes only generic "supposed to" allegations: someone was "supposed to" train or supervise Judge Barnes. (*E.g.*, Compl. at pp. 12–13.) This is inadequate to establish that either Governor Herbert or Chief Justice Durrant was culpably involved in or causally connected to Mr. Prisbrey's alleged harms. *See Serna*, 455 F.3d at 1151; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 667, 683–84 (2009) (reversing trial court's failure to dismiss complaint against U.S. Attorney General and FBI director based on supervisory liability of law enforcement and prison subordinates).

### 4. Plaintiff fails to allege facts against Governor Herbert or Chief Justice Durrant sufficient to state a plausible claim for relief.

Under *Iqbal*, in order to survive a motion to dismiss, a plaintiff must allege sufficient factual matter, taken as true, to state "a claim for relief plausible on its face." *Iqbal*, 556 U.S. at 678. Claims which are essentially "unadorned, the-defendant-unlawfully-harmed-me accusation" are rejected as insufficient to proceed to discovery. *Id.*

5

No facts are alleged regarding Governor Herbert's actions or participation causing Mr. Prisbrey any sort of harm. And Chief Justice Durrant is never named in the complaint. He makes generic allegations about "supervision" and about a "judicial review board," yet he does not allege that Governor Herbert or Chief Justice Durrant had any role in such an entity.[3] This does not meet the bare minimum requirements of the pleading standard under *Ashcroft* and *Twombly* because it articulates no facts establishing a plausible cause of action against Governor Herbert or Justice Durrant. *See Rusk v. Warner*, No. 17-4044, ___ F. App'x ___, 2017 WL 3044550 (10th Cir. July 17, 2017) (ord. & j. not selected for publication) (affirming dismissal of civil rights complaint against federal magistrate judge because the pro se plaintiff including nothing more than "conclusory statements" about the harm caused by the magistrate judge during the course of a case).

    **5. Governor Herbert cannot be liable for the actions of Judges because the separation of powers prohibits Executive interference with the judicial system.**

Mr. Prisbrey's assumption that Governor Herbert has a supervisory role over the judiciary fails as a matter of law because the Separation of Powers doctrine prohibits such interference with the state judicial system. For example, the Utah State Constitution gives Governor Herbert the power to appoint a judge from a list of three nominees selected by the Judicial Nominating Commission, at which point the Senate must confirm the appointment made by the governor. Utah Const. art. VIII, § 8. This, however, is the only involvement with the judiciary that is allowed by the State Constitution. Article V §1 states that: "no person charged

---

[3] No such entity exists in Utah. Rather, the entity with oversight over judges is the Judicial Conduct Commission. *See* Utah Const. art. VIII, § 13; Utah Code § 78A-11-101. Mr. Prisbrey does not allege that Chief Justice Durrant has any role with the Commission.

with the exercise of powers properly belonging to one of these departments, shall exercise any functions appertaining to either of the others." The importance of a judicial branch that is independent from the other two branches is a foundation of our system of governance. The Supreme Court reasoned that a "Judiciary free from control by the Executive and the Legislature is essential if there is a right to have claims decided by judges who are free from potential domination by other branches of government." *U.S. v. Will*, 449 U.S. 200, 218 (1980). For the Governor to have any supervisory role over Judge Barnes would be inconsistent with this doctrine, and for this reason his claims fail as a matter of law.

## **CONCLUSION**

For the reasons stated, Governor Herbert, Chief Justice Durrant, and Judge Barnes request that the Court grant their motion and dismiss the case with prejudice.

DATED: July 21, 2017.

SEAN D. REYES

Utah Attorney General

/s/ Kyle J. Kaiser
KYLE J. KAISER
Assistant Utah Attorney General
Attorneys for Defendants

7

## CERTIFICATE OF MAILING

I certify that on July 21, 2017, I electronically filed the foregoing, **MOTION TO DISMISS AND MEMORANDUM IN SUPPORT**, using the Court's CM/ECF system and I also certify that a true and correct copy of the foregoing and copies of all cases not published in an official reporter were placed in outgoing, United States mail, postage prepaid, to the following:

Kent Terry Prisbrey
90 Prisbrey Lane
Leeds, UT 84746
*Pro Se*

  /s/Shykell Ledford