KYLE J. KAISER (13924)
Assistant Utah Attorney General
SEAN D. REYES (7969)
Utah Attorney General
160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, Utah 84114-0856
Telephone: (801) 366-0100
Facsimile: (801) 366-0101
E-mail: kkaiser@agutah.gov

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TERRY PRISBREY,<br><br>       Plaintiff,<br><br>v.<br><br>KEITH C. BARNES, GARY R. HERBERT, and MATTHEW B. DURRANT,<br><br>       Defendants. | **REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**<br><br>Case No. 2:17-cv-00723<br><br>Judge David Nuffer |

## INTRODUCTION

The actions complained of by Plaintiff Kent Prisbrey are judicial actions, taken by a Utah trial judge in the course of Mr. Prisbrey's divorce proceedings. Mr. Prisbrey's 18-paragraph Response (doc. 24) to Defendants' Motion to Dismiss adds no facts or legal argument justifying suit against the trial judge who made decisions during the course of Mr. Prisbrey's divorce proceeding, a Utah Supreme Court justice who had no role in the case, and the Governor, who has no supervisory role whatsoever over judges once they're confirmed. Defendants' Motion to Dismiss should be granted. And, for reasons stated in Defendants' Memorandum in Opposition to Plaintiff's Motion for Leave to Amend, Mr. Prisbrey should not be allowed to amend his complaint, and this case should be dismissed with prejudice.

**REPLY ARGUMENT**

Mr. Prisbrey's claims against Defendants should be dismissed because (1) Judge Barnes is entitled to absolute judicial immunity for actions for monetary damages that are judicial in nature; (2) Section 1983, as amended by the Federal Courts Improvement Act, bars suits against judges for injunctive relief in these situations; (3) Governor Herbert and Chief Justice Durrant are not liable under the doctrine of *respondent superior* for the constitutional violations of their subordinates; and (4) Mr. Prisbrey did not allege any facts against Chief Justice Durrant which state a claim.

**1. Judge Barnes remains immune from suit for monetary damages.**

Mr. Prisbrey provides no significant arguments obviating Judge Barnes' judicial immunity. Mr. Prisbrey is still seeking to hold Judge Barnes liable for decisions he made during the course of Mr. Prisbrey's divorce proceeding. These judicial activities are protected by judicial immunity, even if they are grounded in "false allegations" (Pl.'s Resp. (doc. 24) ¶ 1), a denial of "equal protection," "fraud," or based on information received through ex parte contact. *Bradley v. Fisher*, 80 U.S. 335 (1871); *Forrester v. White*, 484 U.S. 219, 227 (1967); *Harlow v. Fitzgerald*, 457 U.S. 800, 815-19 (1982) (holding allegations of malice are not enough to overcome judicial immunity); *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Crudup v. Schulte*, No. 00-6396, 12 F. App'x 682, 686 n.3 (10th Cir. April 10, 2001) (ord. & j. not selected for publication).[1]

---

[1] Copies of opinions not selected for publication will be provided to the pro se plaintiff.

His only attempt to refute judicial immunity is that Barnes' decision not to appoint an "interpreter" in the divorce petition is an "administrative" decision, to which judicial immunity does not apply. (Pl.'s Resp. ¶ 18.) This is incorrect.

Judges are immune from suit only for "judicial" decisions. They are not immune from suit for "administrative, legislative, or executive functions that judges may on occasion be assigned by law to perform." *Forrester*, 484 U.S. at 227. An action is judicial, and not administrative, legislative, or executive, if it is "normally performed by a judge and the parties dealt with the judge in his judicial capacity." *Martinez v. Winner*, 771 F.2d 424, 434 (10th Cir. 1985) (citations omitted).

Mr. Prisbrey moved the court for appointment of an "interpreter" in his case, and Judge Barnes denied the motion. This denial was the functional equivalent of the denial of counsel, protected by judicial immunity.

The appointment of counsel is a judicial, not an administrative, legislative, or executive function. "[T]he appointment of counsel to represent [a party] is a function normally performed by a judge …." *Dunn v. Kennedy*, No. 07-50548, 2008 WL 162855 (5th Cir. Jan. 17, 2008) (per curiam op. not selected for publication). It is a decision about the structure and procedure of a case. Even though the appointment of counsel "does not concern the decision who shall win a case," it "is still a judicial function in the sense that it directly concerns the case-deciding process …" *Martinez*, 771 F.2d at 434.

Mr. Prisbrey implies that the Americans with Disabilities Act mandates the appointment of an interpreter, and Judge Barnes' choice not to do so, was an administrative decision. But as discussed in Defendants' Memorandum in Opposition to Plaintiff's Motion to Appoint an

Interpreter (doc. 13) there no automatic statutory right to an "interpreter" (in this case, the equivalent to an attorney) under the Americans with Disabilities Act. *See, e.g.* , *Motto v. City of Union City*, 177 F.R.D. 308, 308–11 (D.N.J. 1998). Nor is there an automatic right to appointment of counsel in civil cases in Utah courts—rather, as in federal court, the decision to appoint counsel for a party is left to the *discretion* of the trial court. *Burke v. Lewis*, 122 P.3d 533, 535, 2005 UT 44, at ¶ 10 (citations and quotations omitted). A judge must determine whether counsel is necessary to "ensure the pursuit of a just result," and then may utilize their *inherent judicial power* to make such an appointment. *Id.* at 538–39, 205 UT 44 at ¶¶ 23–24.

The decision to appoint an "interpreter" (or an attorney) in a case is a decision about the case, made by a judge in his judicial capacity, and is not a simple administrative task. There can be no question that when Plaintiff requested counsel, he was "dealing with" Judge Barnes in his judicial capacity. *Martinez*, 771 F.2d at 434. Accordingly, judicial immunity applies to the decision, and Judge Barnes' motion to dismiss should be granted. *See Kral v. Benton Cnty.*, No. CV-09-5014-RHW, 2009 WL 3856918, at * 3 (E.D. Wash. Nov. 10, 2009) (ord. not selected for publication) (holding that judicial immunity bars a claim for damages for a judge's failure to appoint a sign language interpreter for appearances in criminal court).

    **2. Prisbrey's claims for equitable relief against Judge Barnes remain barred by the plain language of § 1983.**

Mr. Prisbrey alleges that, because there are "valid and important issues contained in his complaint," he "can get injunctive relief only available through this Court." However, he fails to address the plain language of Section 1983, which prohibits a federal court from entering an injunction against another judge "unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983 (amended Oct. 19, 1996 by P.L. 104-317, Title III § 309(c),

110 Stat. 3853). No declaratory decree was violated in this case, and there is no proof that declaratory relief is "unavailable." *See Hoai v. Sup. Ct. of D.C.*, 539 F. Supp. 2d 432, 435 (D.D.C. 2008) (noting that declaratory relief is not "unavailable" merely because the plaintiff failed to get his "desired decisions in our local courts"). Mr. Prisbrey's request for injunctive relief against Judge Barnes fails.

> **3. Prisbrey still fails to state a claim against Governor Herbert or Chief Justice Durrant because they are not liable under the doctrine of *respondent superior* for the actions of their subordinates under § 1983.**

For the reasons stated in Defendants' original Motion to Dismiss, Mr. Prisbrey's complaint fails to state a claim against Governor Herbert or Chief Justice Durrant, either directly or under the doctrine of *respondeat superior*, for damages or equitable relief.

Mr. Prisbrey does not mention Chief Justice Durrant in his Response.[2] Accordingly, Chief Justice Durrant should be dismissed. *See Ashcroft v. Iqbal*, 556 U.S. 662, 667, 683–84 (2009) (reversing trial court's failure to dismiss complaint against U.S. Attorney General and FBI director based on supervisory liability of law enforcement and prison subordinates); *see also* DUCivR 7-1(d) (permitting the Court to grant a motion if the opposing party fails to respond in a timely fashion); *Rusk v. Cowboy Props.., LLC*, No. 2:16-cv-204 RJS, 2016 WL 2766637, at *1 (D. Utah May 12, 2016) (mem. decision & ord. not selected for publication) (recognizing that it "may be proper" to grant an opposing party's motion when the plaintiff failed to address the moving party's arguments or the appropriate motion to dismiss standard).

---

[2] Prisbrey nonetheless names him in his proposed Amended Complaint, but again adds no facts stating a plausible claim against Chief Justice Durrant. The propriety of the proposed Amended Complaint will be addressed in Defendants' Memorandum in Opposition to Plaintiff's Motion for Leave to Amend, filed contemporaneously with this memorandum.

Governor Herbert's name is raised only in Mr. Prisbrey's allegation that Governor Herbert "has taken an oath … to defend the constitution which requires [him] to protect me an give me equal protection and protect me against un[-]constitutional violation…." (Pl.'s Resp. ¶ 9.)  This fails to state a plausible claim against Governor Herbert, either as a supervisor (which Governor Herbert is constitutionally prohibited from being) or directly. *Iqbal*, 556 U.S. at 683–84.  Claims against these two defendants should be dismissed.

### 4. Prisbrey's proposed Amended Complaint does not cure the defects.

In the Response, Mr. Prisbrey "incorporates all arguments contained in his amended complaint filed with the courts…." (Pl.'s Resp. ¶ 14.)  Defendants will fully explain their opposition to Prisbrey's request to amend his complaint in a separate memorandum, but in summary, Defendants note that Prisbrey's proposed Amended Complaint (doc. 25-2), though bloated to 67 pages, still suffers from the same defects as his original complaint.  Mr. Prisbrey complains about actions taken by Judge Barnes (and the judge now assigned to Plaintiff's case) in his judicial capacity, about unspecified failures by Chief Justice Durrant to supervise Judge Barnes, and by generic obligations by Governor Herbert to "protect" Plaintiff, "train" the judiciary, and "prosecute" fraud.  The Amended Complaint does not change the underlying claims and cannot help Mr. Prisbrey avoid dismissal of his claims.

## CONCLUSION

For the reasons stated, Governor Herbert, Chief Justice Durrant, and Judge Barnes request that the Court grant their motion and dismiss the case with prejudice.

DATED: October 10, 2017.

OFFICE OF THE UTAH ATTORNEY GENERAL


/s/ Kyle J. Kaiser
KYLE J. KAISER
Assistant Utah Attorney General
Attorney for Defendants


**CERTIFICATE OF MAILING**

I certify that on Tuesday, October 10, 2017, I electronically filed the foregoing, **REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**, using the Court's CM/ECF system and I also certify that a true and correct copy of the foregoing and copies of all cases not published in an official reporter were placed in outgoing, United States mail, postage prepaid, to the following:

Kent Terry Prisbrey
90 Prisbrey Lane
Leeds, UT 84746
*Pro Se*

Kent Terry Prisbrey
95 W. Center St.
Leeds, UT 84746

/s/Shykell Ledford