## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **TERRY PRISBREY,** | **REPORT AND RECOMMENDATION** |
| **Plaintiff,** | |
| **v.** | **Case No. 2:17-cv-00723-DN-PMW** |
| **KEITH C. BARNES, GARY R. HERBERT, and MATTHEW B. DURRANT,** | **Chief District Judge David Nuffer** |
| | **Chief Magistrate Judge Paul M. Warner** |
| **Defendants.** | |

Chief District Judge David Nuffer referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Before the court are Defendants Keith C. Barnes, Gary R. Herbert, and Matthew B. Durrant's (collectively, "Defendants") Motion to Dismiss and Memorandum in Support (the "Motion to Dismiss"),[2] and Plaintiff Terry Prisbrey's ("Plaintiff" or "Mr. Prisbrey") Motion to Amend Complaint (the "Motion to Amend").[3] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motions on the basis of the written memoranda. *See* DUCivR 7-1(f). For the reasons set forth below, the court recommends that the Motion to Dismiss be granted, and the Motion to Amend be denied.

---

[1] *See* docket no. 5.
[2] *See* docket no. 11.
[3] *See* docket no. 25.

## BACKGROUND

Defendant Keith C. Barnes ("Judge Barnes") is a Utah Fifth District Court Judge, who presided over Mr. Prisbrey's divorce from Tamara Prisbrey in 2013. Mr. Prisbrey brings suit under 42 U.S.C. § 1983 ("Section 1983"), alleging his constitutional rights were violated by Judge Barnes' rulings in the divorce, and seeking monetary damages and an injunction. Mr. Prisbrey also names Gary R. Herbert, governor of the State of Utah ("Governor Herbert") and Matthew B. Durrant, Chief Justice of the Utah Supreme Court ("Chief Justice Durrant") in the complaint (the "Complaint").[4] The claims against Governor Herbert and Chief Justice Durrant appear to stem from their alleged oversight roles and training responsibilities over state court judges.

### I.    The Complaint

In the Complaint, Mr. Prisbrey alleges misconduct on the part of Judge Barnes, including that Judge Barnes:

1. "acted outside of his official capacity" by receiving testimony from two individuals off the court record;[5]

2. "should have notified Plaintiff of the verdict or the content of the verdict" and "should have instructed [Tamara Prisbrey] on the verdict in a hearing with both parties present;"[6]

3. "show[ed] bias giv[ing] [Tamara Prisbrey] everything she wants and denies Plaintiff every time on everything;"[7]

4. "denied [Mr. Prisbrey] [his] constitutional right to an interpreter" during a hearing;[8]

---

[4] *See* docket no. 2, exhibit 1.
[5] *Id.* at 2.
[6] *Id.*
[7] *Id.* at 7.
[8] *Id.* at 12.

5.   took "life liberty and pursuit of happiness . . . from Plaintiff by giving [his] abusive x [sic] wife mineral rights on both properties this gives her the ability to abuse [him];"[9]

6.   "failed to limit asset division to items presented in court;"[10]

7.   "failed to assess a value to most of the items awarded to Tamara" Prisbrey;[11] and,

8.   "deemed himself an expert appraiser," rather than relying on the appraiser's value;[12]

Allegations against Governor Herbert in the Complaint include that Governor Herbert,

1.   "is responsible for all these entities and individuals [sic] training and ensuring they are properly trained and ensuring the oversite [sic] of these officers and individuals;"[13] and,

2.   "failed to properly train defendants" in the division of marital assets, in "dealing with disabilities [and] traumatic brain injuries," on "[narcissistic] personality disorders," that "they must treat both parties as equal not separate standards for each party," and, on various other issues ranging from filing documents to findings of fact.[14]

Besides being named in the caption of the Complaint, Chief Justice Durrant's name does not appear in the Complaint. It is unclear to the court whether the allegations of "fail[ures] to train" in the section captioned "Additional Allegations of Wrong Doings and Claims" at the end of the Complaint relate to Chief Justice Durrant.[15] However, it appears likely to the court that Mr. Prisbrey, at the very least, intended to include Chief Justice Durrant in the allegations regarding the "judicial review bard" organized by the "supreme court" who, according to the Complaint, are "over seers [sic] of the judicial review board and for the training of them."[16] Mr. Prisbrey alleges that this board has "appointed ones that don't investigate thoroughly all

---

[9] *Id.*
[10] *Id.* at 13.
[11] *Id.*
[12] *Id.*
[13] *Id.* at 12.
[14] *Id.* at 12-13.
[15] *Id.*
[16] *Id.* at 11.

complaints like [his] so they are liable for damages and they don't monitor to see if the judicial review board is doing its job properly."[17]

There are no allegations in the Complaint that either Governor Herbert or Chief Justice Durrant had any contact with Mr. Prisbrey, or Judge Barnes, or that they took any actions directly related to Mr. Prisbrey's divorce.[18]

## II.     __The Proposed Amended Complaint__

Mr. Prisbrey has also moved the court for leave to amend the Complaint. The proposed amended complaint (the "Amended Complaint")[19] expands the Complaint from sixteen pages to sixty-eight pages. The Amended Complaint seeks to add Judge Paul D. Lyman ("Judge Lyman"), the judge to whom Mr. Prisbrey's divorce case was reassigned after Judge Barnes recused himself,[20] as a defendant, and the Terry Prisbrey Trust as a plaintiff.[21]

While the Amended Complaint is considerably longer, the additional pages contain substantial argument, but the core allegations remain largely the same as those raised in the Complaint.  Although the Amended Complaint now names Chief Justice Durrant, the claims against him and Governor Herbert, just as in the Complaint, arise out of their alleged supervisory roles over the judges presiding over Mr. Prisbrey's divorce, repeating allegations that these defendants failed to properly train and oversee judges.[22] The Amended Complaint also alleges

---

[17] *Id.*
[18] *See generally,* docket no. 2, exhibit 1.
[19] *See* docket no. 25-2.
[20] *See* docket no. 25-2 at 3.
[21] *See* docket no 25 at 1.
[22] *See generally* docket no. 25-2.

4

that Governor Herbert failed to enforce or pass laws that would have prevented the alleged harm done to Mr. Prisbrey.[23]

Similarly, the claims against Judge Barnes remain largely unchanged. The Amended Complaint continues to claim harm from Judge Barnes' decisions in his capacity as a judge, including that he improperly allowed witness testimony;[24] "rushed" Mr. Prisbrey to present evidence;[25] did not properly assess the value of property given to Tamara Prisbrey; did not equitably divide property; and gave mineral rights to a "self-admitted abusive spouse putting [Mr.] Prisbrey in[] harm's way of abuse, physical, control of [Mr.] Prisbrey,"[26] failed to notify Mr. Prisbrey of the verdict,[27] and failed to appoint an interpreter.[28]

The claims against Judge Lyman in the Amended Complaint are similar to those against Judge Barnes. Mr. Prisbrey complains that Judge Lyman's decisions in his capacity as a judge violated his civil rights, including that Judge Lyman failed to appoint an interpreter,[29] denied Mr. Prisbrey's motion to have property transferred to him;[30] denied a motion to amend the divorce decree;[31] and "[took] testimony outside of court."[32]

In addition, the Amended Complaint adds claims for (1) a "failure to investigate allegations of judicial misconduct,"[33] (2) violation of Mr. Prisbrey's due process rights in his

---

[23] *Id.* at 25-2 at 5, 6, 16, 51.
[24] *See* docket no. 25-2 at 8.
[25] *See id.*
[26] *Id.* at 10.
[27] *See id.*
[28] *See id.* at 32.
[29] *See, e.g,. id.* at 38, 40.
[30] *See id.* at 39–40.
[31] *See id.*
[32] *Id.* at 57.
[33] *Id.* at 51–56.

divorce case, referred to in the Amended Complaint as "Count 2,"[34] (3) breach of contract,[35] and violation of Title II of the Americans with Disabilities Act ("ADA") for failure to appoint an interpreter.[36]

**STANDARD OF REVIEW**

At the outset, the court recognizes that Mr. Prisbrey is proceeding pro se.[37] Therefore, the court will "construe his pleadings liberally and hold the pleadings to a less stringent standard than formal pleadings drafted by lawyers." *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996) (citations omitted). However, Mr. Prisbrey's pro se status does not discharge him from complying with the court's rules and procedures, and the court will not assume an advocacy role on Mr. Prisbrey's behalf. *See Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (noting that the Tenth Circuit "has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants" (quotations and citations omitted)); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[W]e do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant.").

In deciding a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court presumes the truth of all well-pleaded facts in the complaint, but need not consider conclusory allegations. *See Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006), *cert. denied*, 549 U.S. 1209 (2007). The court is not bound by a complaint's legal conclusions, deductions, and opinions couched as facts. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 565 (2007). Further, although reasonable inferences must be drawn in the non-moving party's favor,

---

[34] *Id.* at 56–57.

[35] *See id.* at 57–58.

[36] *See id.* at 59–60.

[37] *See* docket nos. 2, 3.

a complaint will only survive a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## DISCUSSION

In the Motion to Dismiss, the Defendants argue that Plaintiff's claims against Defendants should be dismissed because (1) Judge Barnes is entitled to absolute judicial immunity for actions for monetary damages that are judicial in nature; (2) Section 1983, as amended by the Federal Courts Improvement Act, bars suits against judges for injunctive relief in these situations; (3) Governor Herbert and Chief Justice Durrant are not liable uner the doctrine of *respondeat superior* for the constitutional violations of their subordinates; and (4) the Complaint does not allege any facts against Chief Justice Durrant which state a claim.

Moreover, the Defendants argue that Mr. Prisbrey should not be allowed to amend his complaint because (1) the core allegations of the Complaint remain the same in the Amended Complaint, and still fail for the same reasons the Complaint fails; and (2) the new claims also fail to state a claim upon which relief can be granted, and therefore amendment would be futile.

### I.   Judicial Immunity

"It is established federal law that judges of general jurisdiction are absolutely immune from monetary liability 'for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly.'" *Stump v. Sparkman*, 435 U.S. 349, 364–65 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)). Judicial immunity can only be overcome when the "actions are not taken in the judge's judicial capacity" or the actions,

"though judicial in nature, [are] taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 12 (1991).

All of the alleged facts in both the Complaint and the Amended Complaint against Judge Barnes and Judge Lyman arise out of judicial activity taken in their judicial capacity. Mr. Prisbrey does not allege that either Judge Barnes or Judge Lyman lacked jurisdiction. Both Judge Barnes and Judge Lyman are entitled to absolute judicial immunity, and the claims against them are barred as a matter of law. Accordingly, the claims against Judge Barnes in the Complaint should be dismissed with prejudice. And, it would be futile to allow Mr. Prisbrey to amend his complaint to add Judge Lyman as a defendant.

## II.     Section 1983 Bars Suit Against Judges for Injunctive Relief

Both the Complaint and the Amended Complaint seek injunctive relief based on Section 1983 and Constitutional violations.[38] The Federal Courts Improvement Act amended Section 1983 to provide that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983 (amended Oct. 19, 1996 by P.L. 104-317, Title III § 309(c), 110 Stat. 3853). Here, no declaratory decree is alleged to have been violated, nor does Mr. Prisbrey argue that declaratory relief is unavailable. Accordingly, Mr. Prisbrey's claims for injunctive relief are barred. Such claims in the Complaint should be dismissed, and amendment of the Complaint would be futile.

---

[38] *See* Complaint at 7-9; docket no. 25-2 at 45-51.

**III.    Claims Against Chief Justice Durant and Governor Herbert**

The claims against Chief Justice Durrant and Governor Herbert fail for two reasons. First, "[u]nder [Section] 1983, government officials are not vicariously liable for the misconduct of their subordinates." *Serna v. Colo. Dep't of Corr.,* 455 F.3d 1146, 1151 (10th Cir. 2006). Instead, "the supervisor must be personally involved in the constitutional violation, and a sufficient causal connection must exist between the supervisor and the constitutional violation." *Id.* (quotations and citation omitted). Neither the Complaint nor the Amended Complaint allege any personal involvement on the part of Chief Justice Durrant or Governor Herbert in the alleged constitutional violations by Judge Barnes and Judge Lyman.

Second, and more fundamentally, Governor Herbert cannot be liable for the actions of judges because the Separation of Powers prohibits such interference with the judicial system by the executive branch. *See U.S. v. Will*, 449 U.S. 200, 218 (1980) (providing that a "[j]udiciary free from control by the Executive and the Legislature is essential if there is a right to have claims decided by judges who are free from potential domination by other branches of government."); *see also* Utah Const. art. V, § 1 ("[N]o person charged with the exercise of powers properly belonging to one of these departments, shall exercise any functions appertaining to the others[.]").

Accordingly, the claims against Chief Justice Durrant and Governor Herbert should be dismissed. For the same reasons, it would be futile to permit Mr. Prisbrey to amend the Complaint with respect to these claims.

IV.     **Additional Claims in the Amended Complaint**

The Amended Complaint also adds four new claims not set forth in the Complaint. All four fail to state a claim upon which relief could be granted, and it would be futile to permit Mr. Prisbrey to amend the Complaint to add them.

a.   Failure to Investigate

Mr. Prisbrey seeks to amend the Complaint to add a claim for "failure to investigate allegations of judicial misconduct."[39] It is unclear against which of the Defendants this claim is asserted, but most of the factual allegations in this section relate to the circumstances surrounding his divorce. These allegations fail to state a claim upon which relief can be granted, regardless of which Defendant or Defendants Mr. Prisbrey claims failed to investigate.

First, neither Chief Justice Durrant nor Governor Herbert have a duty to investigate either Judge Barnes' or Judge Lyman's allegedly unconstitutional judicial conduct. "[T]he Tenth Circuit has established that there is 'no duty under federal law to investigate the [Plaintiffs'] allegations.'" *Fedorowicz v. Pearce*, No. 2:14-CV-00578, 2015 WL 1345391, at *3 (D. Utah Mar. 23, 2015) (quoting *Garner v. Stephan*, 968 F.2d 19, 1992 WL 138601 at *1 (10th Cir., 1992)). The Governor's office is at least "a step removed from the attorney general's office" and, Mr. Prisbrey has cited no law indicating that either Governor Herbert of Chief Justice Durrant had any duty to investigate his claims of either Judge Barnes or Judge Lyman's misconduct. *Id.* at *3.

Second, Mr. Prisbrey's allegation that Judge Barnes and Judge Lyman are liable under 18 U.S.C. § 242 for failure to investigate fails to state a claim, because this criminal statute does not

---

[39] Docket no. 25-2 at 51–56.

provide for a private right of action. *See Henry v. Albuquerque Police Dep't*, 49 F. App'x 272, 273 (10th Cir. 2002) (holding district court correctly ruled that "claims arising under 18 U.S.C. §§ 241 and 242, . . . do not provide for a private civil cause of action").

Finally, to the extent that Mr. Prisbrey alleges that his rights were violated because the Judicial Conduct Commission, as overseen by Chief Justice Durrant, failed to investigate his claims, those allegations also fail to state a claim. Chief Justice Durrant is entitled to judicial immunity. *See Stein v. Disciplinary Bd. of Supreme Court of NM*, 520 F.3d 1183, 1195-96 (10th Cir. 2008) (holding that the actions of New Mexico Supreme Court Justices with respect to disciplinary matters and Disciplinary Board, "an agency of the supreme court, established by that court," were protected by judicial immunity). Accordingly, these allegations fail to state a claim against any of the Defendants.

> b. <u>Count 2 Due Process Violation</u>

Second, what Mr. Prisbrey has labeled "Count 2" in the Amended Complaint, merely reiterates his allegations against Judge Barnes and his dissatisfaction with Judge Barnes' actions during the divorce proceedings.[40] For the reasons set forth above, Judge Barnes is entitled to judicial immunity, and these allegations fail to state a claim.

> c. <u>Breach of Contract</u>

The Amended Complaint also adds a claim for breach of contract, alleging a "1st Amendment violation . . . of an implied contract. That [Judge Barnes] was honorable and would conduct himself as such."[41] Mr. Prisbrey appears to imply that this "contract" was Judge Barnes'

---

[40] *See* docket no. 25-2 at 56-57.
[41] *Id.* at 58.

oath of office.[42] Although not included in this paragraph, elsewhere in the Amended Complaint, Mr. Prisbrey similarly alleges that Chief Justice Durrant and Governor Herbert entered into a "bilateral gratuitous and implied contract" by taking their respective oaths of office.[43]

This claim fails as to Judge Barnes because no contract is formed between a judge and the parties that appear before him. Moreover, an oath of office does not meet the essential elements of a contract, which are "(1) offer and acceptance, (2) consideration, and (3) competent parties." *Brasher v. Christensen*, 2016 UT App 100, ¶ 17, 374 P.3d 40, 43 (Utah Ct. App. 2016). An oath of office has none of these essential features. Accordingly, these allegations fail to state a claim.

      d.  <u>ADA Violations</u>

Finally, the Amended Complaint alleges that Judge Barnes "denied [Mr.] Prisbrey of his constitutional rights by violating State statu[t]e and ADA Title II . . . when [Judge] Barnes denied Prisbrey an interpreter for effective communication."[44] Judge Barnes' denial of an "interpreter" was the functional equivalent of the denial of counsel.[45] Appointment of counsel is a judicial, not administrative, function. *See Edwards v. Hare*, 682 F. Supp. 1528, 1531 (D. Utah 1988) ("The appointment of counsel is . . . an inherently judicial act."). Judicial immunity applies to Judge Barnes' decision to deny an "interpreter" (or an attorney). For this reason, Mr. Prisbrey's allegations of ADA violations fail to state a claim against Judge Barnes.

---

[42] *Id.* at 59.

[43] *Id.* at 4.

[44] Docket no. 25-2 at 59.

[45] Mr. Prisbrey also requested an "interpreter" in the instant case, which this court denied, characterizing the request as "in actuality a motion seeking appointment of counsel." Docket no. 15 at 1.

For all the foregoing reasons, none of the additional claims state a claim, and it would be futile to permit Mr. Prisbrey to amend the Complaint to add them.

## CONCLUSION

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1. Defendants' Motion to Dismiss[46] be **GRANTED**, and this action be **DISMISSED WITH PREJUDICE**, and,

2. Plaintiff's Motion to Amend[47] be **DENIED**.

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The parties must file any objection to this Report and Recommendation within fourteen (14) days after being served with a copy of it.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Failure to object may constitute waiver of objections upon subsequent review.

**IT IS SO ORDERED.**

DATED this 1st day of March, 2018.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge

---

[46] Docket no. 11.
[47] Docket no. 25.

13