IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TERRY PRISBRY,[1]<br><br>Plaintiff,<br><br>v.<br><br>KEITH C. BARNES, GARY R. HERBERT, and MATTHEW B. DURRANT,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>Case No. 2:17-cv-00723-DN-PMW<br><br>District Judge David Nuffer |

The Report and Recommendation[2] issued by United States Magistrate Judge Paul M. Warner on March 1, 2018 recommends that Defendants' Motion to Dismiss[3] be granted; Plaintiff's Motion to Amend Complaint[4] be denied; and this case be dismissed with prejudice.

Plaintiff timely objected to the Report and Recommendation on March 14, 2018.[5] Specifically, Plaintiff objected to the Magistrate Judge's determinations that (1) Plaintiff is not entitled to the appointment of counsel; (2) judicial immunity precludes Plaintiff's claims against Defendant Keith C. Barnes ("Judge Barnes"); (3) Plaintiff's claims for injunctive relief are barred; (4) Plaintiff failed to state a claim on which relief may be granted against Defendants Gary R. Herbert ("Governor Herbert") and Matthew C. Durrant ("Chief Justice Durrant"); and (5) amendment of Plaintiff's complaint would be futile.

---

[1] Plaintiff's last name is spelled two different ways in his court filings: "Prisbry" and "Prisbrey."

[2] Docket no. 32, filed Mar. 1, 2018.

[3] Docket no. 11, filed July 21, 2017.

[4] Docket no. 25, filed Sept. 18, 2017.

[5] Plaintiffs [sic] Oposition [sic] Resonse [sic] to Courts [sic] Report and Recomendations [sic] ("Objection"), docket no. 35, filed Mar. 15, 2018.

De novo review[6] has been completed of those portions of the Report and Recommendation to which objection was made, including the record that was before the Magistrate Judge and the reasoning set forth in the Report and Recommendation. Because the analysis and conclusions of the Magistrate Judge are correct, they are accepted and the Report and Recommendation[7] is ADOPTED.

## DISCUSSION

### Plaintiff is Not Entitled to the Appointment of Counsel

Plaintiff asserts that he has a disability caused by a traumatic brain injury.[8] He argues that "[t]his court has the ability to appoint council *[sic]* for a fair trial [and] equal protection under the law yet it has elected not to . . . ."[9]

"There is no constitutional right to appointed counsel in a civil case."[10] Rather, "[t]he appointment of counsel in a civil case is left to the sound discretion of the district court."[11] Factors for making this determination include: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."[12]

As discussed below, Plaintiff's claims are without merit. This is not because Plaintiff lacks the ability to present his claims or to adequately convey information and argument.

---

[6] 28 U.S.C. § 636(b).

[7] Docket no. 32, filed Mar. 1, 2018.

[8] Objection at 2.

[9] *Id*.

[10] *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989).

[11] *Shabazz v. Askins*, 14 F.3d 533, 535 (10th Cir. 1994).

[12] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).

Plaintiff's Complaint[13] and his arguments[14] are thorough and readily understandable. Nor are Plaintiff's claims deficient because Plaintiff is appearing *pro se*, and the factual and legal issues are complex. They are not. Rather, Plaintiff's claims fail because the facts Plaintiff alleges cannot support his claims as a matter of law. These circumstances do not justify the appointment of counsel. Appointed counsel would not materially assist Plaintiff or the disposition of this case. Therefore, Plaintiff is not entitled to the appointment of counsel. The Magistrate Judge's determination was correct.

## Judge Barnes is Entitled to Absolute Judicial Immunity

Judge Barnes is a state court judge for Utah's Fifth Judicial District Court, who presided over Plaintiff's divorce case.[15] Plaintiff alleges that Judge Barnes's rulings in that case violated Plaintiff's constitutional rights.[16] He seeks monetary damages and injunctive relief.[17]

"[J]udges of general jurisdiction are absolutely immune from monetary liability for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly."[18] The only exceptions are when the "actions are not taken in the judge's judicial capacity[,]" or when the actions, "though judicial in nature, [are] taken in the complete absence of all jurisdiction."[19]

---

[13] Docket no. 2-1, filed June 30, 2017.

[14] Plaintiffs *[sic]* Response to Defendants *[sic]* Motion to Dismiss be Denied, docket no. 24, filed Sept. 18, 2017; Objection.

[15] Complaint at 3.

[16] *Id*. at 3-7, 9-15.

[17] *Id*. at 7-9.

[18] *Stump v. Sparkman*, 435 U.S. 349, 364-65 (1978) (internal quotations omitted).

[19] *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991).

The facts alleged in support of Plaintiff's claims against Judge Barnes pertain to and arise out of judicial actions taken by Judge Barnes in his judicial capacity.[20] And Judge Barnes had jurisdiction to take these judicial actions in Plaintiff's divorce case.[21] Therefore, Judge Barnes is entitled to absolute judicial immunity, and Plaintiff's claim for monetary damages against Judge Barnes fails as a matter of law. The Magistrate Judge's determination was correct.

### Plaintiff's Claims for Injunctive Relief are Barred

Plaintiff seeks various forms of injunctive relief under 42 U.S.C. § 1983 from Judge Barnes's rulings in Plaintiff's divorce case.[22] Section 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."[23]

Plaintiff does not allege and cannot show that Judge Barnes violated a declaratory decree or that declaratory relief was unavailable. Therefore, Section 1983 bars Plaintiff's claims for injunctive relief. The Magistrate Judge's determination was correct.

### Plaintiff Fails to State a Claim Against Governor Herbert and Chief Justice Durrant

Plaintiff asserts claims under 42 U.S.C. § 1983 against Governor Herbert and Chief Justice Durrant for failing to properly train, monitor, and oversee Judge Barnes.[24] "Under [Section] 1983, government officials are not vicariously liable for the misconduct of their subordinates."[25] "Supervisors are only liable under [Section] 1983 for their own culpable

---

[20] Complaint at 3-7, 12-15.

[21] Utah Code Ann. § 78A-5-102(1).

[22] *Id*. at 7-9.

[23] 42 U.S.C. § 1983.

[24] Complaint at 11-13.

[25] *Serna v. Colorado Dep't of Corrections*, 455 F.3d 1146, 1151 (10th Cir. 2006).

4

involvement in the violation of a person's constitutional rights."[26] "[I]t is not enough for a plaintiff merely to show a defendant was in charge of other state actors who actually committed the violation."[27] "[T]he plaintiff must establish a deliberate, intentional act by the supervisor to violate constitutional rights."[28] In other words, "the supervisor must be personally involved in the constitutional violation, and a sufficient causal connection must exist between the supervisor and the constitutional violation."[29]

Governor Herbert is the chief executive officer of the State of Utah, and as such, is not Judge Barnes's supervisor. Separation of Powers prohibits such interference with the judicial system by the executive branch.[30] Chief Justice Durrant is also not Judge Barnes's supervisor by virtue of position as the Chief Justice of the Utah Supreme Court. Therefore, Plaintiff's claims against Governor Herbert and Chief Justice Durrant fail as a matter of law.

But even if Governor Herbert and Chief Justice Durrant were Judge Barnes's supervisors, Plaintiff fails to allege any personal involvement on their part in the alleged constitutional violations of Judge Barnes. The only instance in which Chief Justice Durrant is referenced in Plaintiff's Complaint is the caption. And the allegations the Governor Herbert and Chief Justice Durrant failed to properly train, monitor, and oversee Judge Barnes are generalized and conclusory. These allegations are insufficient to state a claim.[31] Therefore, Plaintiff fails to state

---

[26] *Id*.

[27] *Id*. (internal quotations omitted).

[28] *Id*. (internal quotations omitted).

[29] *Id*. (internal quotations omitted).

[30] Utah Const. Art. V, § 1; *United States v. Will*, 449 U.S. 200, 2018 (1980).

[31] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009); *Brown v. Zavaras*, 63 F.3d 967, 972 (10th Cir. 1995).

a claim on which relief may be granted against Governor Herbert and Chief Justice Durrant. The Magistrate Judge's determination was correct.

## Amendment of Plaintiff's Complaint is Futile

Plaintiff has twice sought leave to amend his Complaint. In his First Motion to Amend, Plaintiff sought to expand the Complaint from 16 pages to 68 pages; add Judge Paul D. Lyman ("Judge Lyman") as a defendant; add Terry Prisbrey Trust as a plaintiff; and add claims for failure to investigate, violation of due process, breach of contract, and violation of the Americans with Disabilities Act.[32] In his Second Motion to Amend, Plaintiff sought to add factual allegations regarding his state court protective order case, and a claim for emergency injunctive relief to obtain the appointment of counsel in his state court cases.[33]

Rule 15 of the Federal Rules of Civil Procedure provides that "a party may amend its pleading only with . . . the court's leave [and leave] should [be] freely give[n] when justice so requires."[34] However, justice does not require leave to amend when amendment would be futile.[35] "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."[36]

The amendments Plaintiff seeks with his First Motion to Amend are futile. Despite being considerably longer, the additional pages in Plaintiff's proposed Amended Complaint are primarily legal opinion and argument. And despite asserting additional claims, Plaintiff's core

---

[32] Motion to Amend Complaint ("First Motion to Amend") at 1, docket no. 25, filed Sept. 18, 2017; Amended Complaint, docket no. 25-2, filed Sept. 18, 2017.

[33] Motion to Amend Complaint, Request for Immediate Injunctive Relief and or Assistance ("Second Motion to Amend"), docket 31, filed Feb. 26, 2018. Plaintiff's Second Motion to Amend is addressed in the first instance because it was not addressed in the Magistrate Judge's Report and Recommendation.

[34] Fed. R. Civ. P. 15(a)(2).

[35] *Castleglen, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571 (10th Cir. 1993).

[36] *Jefferson Cty. Sch. Dist. No. R-1 v. Moody's Inv'rs Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999).

allegations against Judge Barnes, Governor Herbert, and Chief Justice Durrant remain the same. For the reasons discussed above, Judge Barnes would still be entitled to absolute judicial immunity, and Plaintiff would still fail to state a claim on which relief may be granted against Governor Herbert and Chief Justice Durrant. Additionally, the allegations against Judge Lyman, who is now presiding over Plaintiff's divorce case, pertain to and arise out of judicial actions taken by Judge Lyman in his judicial capacity.[37] Judge Lyman is entitled to absolute judicial immunity for these actions. Therefore, Plaintiff's proposed Amended Complaint would be subject to dismissal and is futile. The Magistrate Judge's determination was correct.

Likewise, the amendments Plaintiff seeks with his Second Motion to Amend are futile. The additional factual allegations regarding Plaintiff's state court protective order case do not alter the above analysis of Plaintiff's claims. And the additional claim for emergency injunctive relief fails for the same reasons as the claims for injunctive relief in Plaintiff's Complaint. Therefore, the proposed amendments in Plaintiff's Second Motion to Amend would be subject to dismissal.

Finally, because Plaintiff's claims fail and amendment of Plaintiff's Complaint is futile, it is appropriate that this case be DISMISSED with prejudice. Therefore, the analysis and conclusions of the Magistrate Judge are accepted, and the Report and Recommendation[38] is ADOPTED.

---

[37] Amended Complaint at 3, 38-40.

[38] Docket no. 32, filed Mar. 1, 2018.

**ORDER**

IT IS HEREBY ORDERED that the Report and Recommendation[39] is ADOPTED. This case is DISMISSED with prejudice.

The Clerk is directed to close the case.

Signed March 27, 2017.

BY THE COURT

District Judge David Nuffer

---

[39] Docket no. 32, filed Mar. 1, 2018.